United States District Court
Southern District of Texas
**ENTERED**
July 06, 2022
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| EDUARDO VELA, | § § | |
| Plaintiff, | § § | |
| VS. | § § | CIVIL ACTION NO. 2:21-CV-00193 |
| DOCTOR PRESLEY, *et al.*, | § § | |
| Defendants. | § § | |

### ORDER ADOPTING, AS MODIFIED IN PART, MEMORANDUM & RECOMMENDATION

Pending before the Court are Magistrate Judge Jason B. Libby's Memorandum and Recommendation (M&R) (D.E. 14) and Plaintiff Eduardo Vela's objections (D.E. 17). The M&R recommends that the Court dismiss with prejudice Vela's petition—which attempts to state claims for deliberate indifference to serious medical needs—for failure to state a claim upon which relief may be granted. The M&R further recommends that the dismissal of this case count as a "strike" for purposes of 28 U.S.C. § 1915(g).

For the following reasons, the Court **OVERRULES** Plaintiff's objections and **ADOPTS,** as **MODIFIED IN PART**, the Magistrate Judge's M&R. The Court **DISMISSES** this action in its entirety.

### LEGAL STANDARD

The district court conducts a de novo review of any part of a magistrate judge's disposition that has been properly objected to. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P.

72(b)(3); *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). As to any portion for which no objection is filed, a district court reviews for clearly erroneous factual findings and conclusions of law. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989) (per curiam). The Court may accept, reject, modify, and/or recommit the matter to the magistrate judge with instructions for reconsideration. 28 U.S.C. § 636(b)(1).

## DISCUSSION

Vela first recounts his complaints as part of his objections. D.E. 17, pp. 1-5. The purpose for objections to an M&R is for the petitioner to demonstrate how the magistrate judge erred. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(2). Objections are not proper if they merely repeat arguments to which the magistrate judge has already responded. *Edmond v. Collins*, 8 F.3d 290, 293 n.7 (5th Cir. 1993) (finding that right to de novo review is not invoked when a petitioner merely reurges arguments contained in the original petition). To the extent that Vela's objections merely repeat his pleadings, they are **OVERRULED**.

### I. *Bivens* Claim

Vela's complaint recites that he is a pretrial detainee suing each of the Defendants for violations of the Eighth and Fourteenth Amendments and for medical malpractice under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). D.E. 1, pp. 3-4. Taking the complaint on its face, the Magistrate Judge concluded that two Defendants, Dr. Presley and GEO Group, Inc., are private actors and that the

remaining Defendant, United States Marshals Service (USMS), is an agency. Thus none are subject to liability under the limited scope of claims permitted by *Bivens*.

Vela argues that GEO Group, a private company that operates the Coastal Bend Detention Center (CBDC) and other prison facilities throughout the United States, and Dr. Presley, a GEO Group employee and doctor at CBDC, are under contract with the federal government. D.E. 17, p. 6. Therefore, they are federal actors subject to a *Bivens* claim and the Magistrate Judge incorrectly considered them private actors for the purpose of this case. *Id.* Vela cited no authority for his objection and fails to address the authority cited by the Magistrate Judge in support of his conclusions.

Two cases cited in the M&R dispose of this objection that Defendants are federal actors. A *Bivens* claim is not available against a private corporation where it is alleged to be a federal officer only because it operates a federal facility under a contract with the federal government. *Corr. Servs. Corp. v. Malesko*, 534 U.S. 61, 67–74 (2001). Neither are its employees subject to such a claim. *Minneci v. Pollard*, 565 U.S. 118, 31 (2012). Therefore, GEO Group and Dr. Presley are not proper defendants for *Bivens* actions alleging constitutional violations, and the Court **OVERRULES** Vela's objection on this issue.

## II.   Section 1983 Claim

However, the Court does not consider the *Bivens* analysis dispositive of Vela's claims under the standard of review. As the M&R explained, *Bivens* claims are quite limited. In contrast, the Civil Rights Act, 42 U.S.C. § 1983, is more expansive and covers

the same constitutional violations. Vela is a pro se prisoner whose claims are being screened under the Prison Litigation Reform Act for dismissal if they are clearly baseless. "[T]he Court should not dismiss the claim unless the plaintiff would not be entitled to relief under any set of facts or any possible theory that he could prove consistent with the allegations in the complaint." *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999).

The Magistrate Judge's conclusion under *Bivens* assumes, based on Vela's current pleading, that the CBDC is a federal prison facility. But the fact that a facility houses some federal prisoners is not necessarily dispositive of the character and status of the facility and those who run it. That issue may be subject to a public function test. This Court has previously found that under the public function, state compulsion, and/or nexus tests, the allegation that the CBDC was a state actor subject to § 1983 claims was sufficient to survive motions under Federal Rule of Civil Procedure 12. *Garcia-Higgins v. LCS Correction Services, Inc.*, No. 2:12-cv-121 (S.D. Tex. Feb. 4, 2013) (reserving any decision on whether the private corporation running the CBDC at the time was in fact a state actor for later disposition) (citing *Logue v. United States*, 412 U.S. 521, 528-32 (1973)). The Fifth Circuit has also applied the public function test to distinguish cases against facilities that are entirely devoted to federal incarceration from those that house both state and federal prisoners. *Doe v. United States*, 831 F.3d 309, 315–17 (5th Cir. 2016).[1]

---

[1] Some courts have held that the custody status of the detainee dictates the status of the detention facility and its employees. *Rowland v. Sw. Corr., LLC*, No. 4:20-CV-00847-ALM-CAN, 2021 WL 4206409, at *8–11 (E.D. Tex. Aug. 17, 2021) (collecting cases), *R. & R. adopted*, No. 4:20-CV-847, 2021 WL 4191433 (E.D. Tex. Sept. 15, 2021); *Tavares v. LaSalle Corr. Emerald Corr. Mgmt. W. Tex. Det. Ctr.*, No. EP-17-CV-00289-PRM-RFC, 2018 WL 2452977, at *2 (W.D. Tex. May 31, 2018), *R. & R. adopted*, No. 3:17-CV-00289-PRM-RFC (W.D. Tex. Aug. 22,

Vela has asked for an opportunity to amend his pleading. D.E. 17, p. 7. Given the analysis of *Garcia-Higgins* and *Doe*, leave would ordinarily be granted to allow Vela to assert that Dr. Pressly and GEO Group are state actors (and not federal officers) subject to liability for the same or similar constitutional violations under 42 U.S.C. § 1983. However, the status of Defendants (and the application of *Bivens* rather than § 1983) are not the only dispositive recommendations in this case. Because, as addressed in the next sections, Vela has not stated a claim on which relief may be granted, amendment would be futile. Therefore, the Court **DENIES** any request to amend regarding the federal or state status of the Defendants.

### III.   Deliberate Indifference

Vela pled his complaints as violations of the Eighth Amendment. D.E. 1, p. 3. As the Magistrate Judge noted, Vela sues as a pretrial detainee rather than as a convicted prisoner, making his rights subject to the Fifth Amendment, not the Eighth Amendment. D.E. 14, p. 10. And while he pleads the Fourteenth Amendment, that provision does not change the standards required for him to show an actionable claim for unconstitutional medical care. Nonetheless, the Magistrate Judge's analysis of the substance of his claims was performed expressly with reference to the Eighth Amendment, as Vela pled.

---

2018). The Court need not and does not resolve any conflict between *Doe* and these cases under the circumstances here.

While the Court does not rest its disposition on the Eighth Amendment, the Magistrate Judge's reasoning applies equally to a Fifth Amendment claim. The Fifth Circuit has held:

> Finding no constitutionally significant distinction between the rights of pretrial detainees and convicted inmates to basic human needs, including medical care and protection from violence or suicide, we conclude that a state jail official's constitutional liability to pretrial detainees for episodic acts or omissions should be measured by a standard of subjective deliberate indifference as enunciated by the Supreme Court in *Farmer*.[2]

*Hare v. City of Corinth*, 74 F.3d 633, 643 (5th Cir. 1996).

The Magistrate Judge found that Vela's allegations were insufficient to state a claim for deliberate indifference because his medical complaints had been addressed on numerous occasions in several different ways. The fact that the diagnoses and treatment were unsuccessful, negligent, or even grossly negligent is not enough to sustain the claim. D.E. 14, p. 13 (citing cases).

Plaintiff's objections reurge the facts from his complaint and *Spears*[3] hearing (D.E. 10), arguing—contrary to the Magistrate Judge's conclusion—that his situation did rise to the level of deliberate indifference. D.E. 17, p. 7 ("More than a dissatisfaction or disagreement!"). As noted, "conclusive or general objections need not be considered by the district court." *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987) (discussing pro se petitioner's objections to M&R), *overruled on other grounds by*

---

[2] *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

[3] *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

*Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415 (5th Cir. 1996).[4] While the Court understands the serious nature of Vela's medical complaints and disabilities, "[d]eliberate indifference is an extremely high standard to meet and is seldom met when health care is provided but fails to provide the desired remedy." *Domino v. Tex. Dep't. of Crim. Just.*, 239 F.3d 752, 756 (5th Cir. 2001).

As the Magistrate Judge observed, "[D]issatisfaction with the medical care provided him at the CBDC does not rise to the level of deliberate indifference." D.E. 14, p. 15 (citing *Domino*, 239 F.3d at 756). His complaints regarding Dr. Presley's intent—that he purposefully prescribed the wrong treatment and would not treat all of his complaints simultaneously and thus wholly denied some treatment—are speculative, incomplete, and conclusory. Vela may have a legitimate complaint that can be remedied by other means, but he has not stated a constitutional claim under either the Fifth or Eighth Amendments. *See Hare*, 74 F.3d at 643; D.E. 14, p. 11. Without a constitutional basis, he fails to state a claim within this Court's jurisdiction. 28 U.S.C. § 1331. The Court therefore **OVERRULES** Vela's objections regarding the substance of his claims.

---

[4] *See also Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004) (discussing pro se petitioner's objections to M&R) ("An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context."); *Jones v. Hamidullah*, No. 2:05-2736, 2005 WL 3298966, at *3 (D.S.C. Dec. 5, 2005) (noting a pro se petitioner's M&R objections were "on the whole . . . without merit in that they merely rehash [the] general arguments and do not direct the court's attention to any specific portion of the [M&R]."); *Thomas v. Arn*, 474 U.S. 140, 147 (1985) ("The filing of objections to a magistrate's report enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute.").

## IV. New Incident

In his objections, Vela cites to *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976), when adding to his list of complaints an incident that happened three hours after his *Spears* hearing: "The bone [in his mouth] came out. I notified the Guard he called medical. And nobody showed up . . . . I was refused treatment, and ignored my complaints." D.E. 17, p. 4. As noted above, Vela's objections include a request for leave to amend his complaint. Fed. R. Civ. P. 15(a)(2), (d).

Rule 15(a)(2) requires a trial court to "freely give leave [to amend] when justice so requires." When a plaintiff seeks to supplement the pleadings and bring a claim based on events that happened after "the date of the pleading to be supplemented," the request is governed by Rule 15(d). *Haggard v. Bank of Ozarks Inc.*, 668 F.3d 196, 202 (5th Cir. 2012). Whereas Rule 15(a) provides that leave to amend should be "freely given," Rule 15(d) contains no such provision. *Burns v. Exxon*, 158 F.3d 336, 343 (5th Cir. 1998). Nonetheless, decisions concerning motions to amend are left to the sound discretion of the court. *See Quintanilla v. Tex. Television, Inc.*, 139 F.3d 494, 499 (5th Cir. 1998).

Regardless of how the Court construes Vela's request, "the discretion exercised in deciding whether to grant leave to amend is similar to that for leave to file a supplemental pleading." *Lewis v. Knutson*, 699 F.2d 230, 239 (5th Cir. 1983); *see also Lowrey v. Beach*, 708 F. App'x 194, 195 (5th Cir. 2018). To aid the exercise of that discretion, courts in the Fifth Circuit consider five factors: (1) undue delay; (2) bad faith or dilatory motive; (3) repeated failure to cure deficiencies by previous amendments; (4) undue prejudice to the

opposing party; and (5) futility of the amendment. *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004). Futility includes adding nothing of substance to the original allegations or failing to be germane to the original cause of action. *Lewis*, 699 F.2d at 239.

Here, granting Vela's motion to amend or supplement his complaint to include this additional allegation would be futile. According to Vela's own account, the guard responded to his complaint of bleeding by making the call to the medical team. Vela does not demonstrate that this bleeding resulted in a serious medical need; in fact, he says he only wanted some gauze to soak up the bleeding. D.E. 17, p. 4. Nor does this new incident establish that any defendant subjectively knew and disregarded a substantial risk of serious harm. *Farmer*, 511 U.S. at 847; *Hare*, 74 F.3d at 643.

For these reasons, the Court **DENIES** Vela's request to supplement his complaint.

## CONCLUSION

Having reviewed the findings of fact, conclusions of law, and recommendations set forth in the Magistrate Judge's M&R, as well as Vela's objections, and all other relevant documents in the record, and having made a de novo disposition of the portions of the M&R to which objections were specifically directed, the Court **OVERRULES** Vela's objections. The Court **DENIES** the motion for leave to amend and **ADOPTS AS MODIFIED** the findings and conclusions of the Magistrate Judge. Accordingly, this action is **DISMISSED WITH PREJUDICE** on the following grounds:

    (1) The GEO Group and Dr. Presley as federal contractors are not subject to suit or liable under *Bivens*;

(2) The USMS is a federal agency that cannot be held liable under *Bivens*;

(3) The Court must refrain from inferring a new *Bivens* action in the Fifth Amendment context in connection with Vela's deliberate indifference claims brought as a federal pretrial detainee;

(4) Vela's request for leave to amend, construed as a request to allege that the GEO Group and Dr. Presley are state actors, would be futile because he has failed to state a claim on which relief may be granted for deliberate indifference to serious medical needs under 42 U.S.C. § 1983; and

(5) Vela's request for leave to amend, construed to allege the additional claim related to the failure to provide him with medical attention for the bone exiting his mouth, would be futile because it does not rise to the level of deliberate indifference to serious medical needs.

It is further **ORDERED** that this dismissal count as a "strike" for purposes of 28 U.S.C. § 1915(g) and that the Clerk of Court forward a copy of this Order and the underlying M&R to the Manager of the Three Strikes List for the Southern District of Texas at Three_Strikes@txs.uscourts.gov.

    ORDERED on July 6, 2022.

                                                     NELVA GONZALES RAMOS
                                                     UNITED STATES DISTRICT JUDGE