# United States Court of Appeals for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 4, 2023

Lyle W. Cayce
Clerk

United States Courts
Southern District of Texas
FILED

JUN 26 2023

Nathan Ochsner, Clerk of Court

No. 22-40484
Summary Calendar

EDUARDO VELA,

*Plaintiff—Appellant,*

*versus*

DOCTOR PRESLEY, *Doctor*, COASTAL BEND DETENTION CENTER;
UNITED STATES MARSHALL SERVICE; THE GEO GROUP,
INCORPORATED,

*Defendants—Appellees.*

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 2:21-CV-193

Before WIENER, ELROD, and ENGELHARDT, *Circuit Judges.*
PER CURIAM:[*]

Plaintiff-Appellant Eduardo Vela, now federal prisoner # 37706-479, appeals the dismissal of his lawsuit under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 397 (1971), for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A. Vela has also

---

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 22-40484

filed a motion for appointment of counsel. For the following reasons, we AFFIRM the district court's judgment and DENY Vela's motion for appointment of counsel.

We review the district court's dismissal of Vela's lawsuit *de novo*. *Legate v. Livingston*, 822 F.3d 207, 209–10 (5th Cir. 2016). Dismissal is appropriate when a complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

By affording his brief liberal construction, we conclude that Vela renews his claims that Dr. Presley, the GEO Group, Inc. ("GEO Group"), and the United States Marshal Service ("USMS") were deliberately indifferent to his serious medical needs while he was a pretrial detainee in the Coastal Bend Detention Center. He urges that Defendants-Appellees denied or delayed care and mistreated him for his numbness in his feet, urinary problems, and ear infections. He also complains that his problems continue to worsen, that he was denied an appointment with a neurologist, and that he has been denied hearing aids.

Vela has abandoned these claims by failing to brief any challenge to the district court's denial of his implied motion to amend his complaint. *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993). In fact, he specifically denies that he sought to amend his complaint. However, he now sets forth, for the first time on appeal, more detailed factual allegations regarding Dr. Presley's alleged failure to treat him for the bone fragment that he claims protruded through his gum during the pendency of these proceedings, urging that he received inadequate treatment for the ongoing problem and resulting pain.

To the extent that Vela raises new arguments and allegations not first presented to the district court, we need not consider them. *See Martinez v.*

No. 22-40484

*Pompeo*, 977 F.3d 457, 460 (5th Cir. 2020); *Leverette v. Louisville Ladder Co.*, 183 F.3d 339, 342 (5th Cir. 1999) (same). Even were that not so, Vela's claim is subject to dismissal for the reason explained below.

The district court correctly held that Dr. Presley and the GEO Group are private actors not subject to liability under *Bivens* for conduct that typically falls within the scope of traditional state tort law. *See Minneci v. Pollard*, 565 U.S. 118, 131 (2012); *Correctional Services Corp. v. Malesko*, 534 U.S. 61, 66 (2001); *Eltayib v. Cornell Companies, Inc.*, 533 F. App'x 414, 414–15 (5th Cir. 2013). Vela has abandoned any claim against the remaining defendant, the USMS, by failing to brief any argument challenging the district court's conclusion that USMS is similarly not subject to suit. *See Yohey*, 985 F.2d at 224–25. Even had he briefed this argument, it would be unavailing because *Bivens* does not provide a cause of action against federal agencies. *See FDIC v. Meyer*, 510 U.S. 471, 484–86 (1994).

Moreover, Vela has shown no error on the part of the district court in dismissing his complaint for failure to state a claim. He likewise fails to show that the district court abused its discretion in denying his motions for the appointment of counsel. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007); *Ulmer v. Chancellor*, 691 F.2d 209, 212 (5th Cir. 1982).

We therefore AFFIRM the district court's judgment. Our affirmance of the district court's dismissal of Vela's complaint under § 1915(e)(2)(B) counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532, 534–41 (2015). Vela is WARNED that if he accumulates three strikes, he may not proceed in forma pauperis in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury.

No. 22-40484

*See* § 1915(g). Additionally, Vela's motion for appointment of counsel is DENIED.